PEOPLE *v.* EMBRY

CRIMINAL LAW—PLEA OF GUILTY—COURT'S PROMISE OF LENIENCY.
The trial court's statement to a guilty-pleading defendant that if the defendant were found guilty at trial or if he pleaded guilty at the present proceeding, the court would refer his case to a probation officer whose report would be used in imposing sentence at a later time was a statement merely informing the defendant of the procedure following conviction and did not constitute a promise of leniency by the court or an unreasonable inducement for defendant to plead guilty.

Appeal from Ingham, Archie D. McDonald, J. Submitted Division 2 May 6, 1971, at Lansing. (Docket No. 10446.)   Decided May 27, 1971.

David Embry was convicted, on his plea of guilty, of breaking and entering an occupied dwelling house.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*Benjamin F. Gibson,* for defendant on appeal.

Before: McGREGOR, P. J., and BRONSON and O'HARA,* JJ.

\* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 485, 493.

PER CURIAM. By his plea of guilty, defendant was convicted of breaking and entering an occupied dwelling house with intent to commit larceny therein, MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305), and was sentenced to a term of 14 to 15 years. On appeal, he contends that, in accepting his guilty plea, the trial court erred in failing to: (1) inform defendant of the nature of the accusation against him; (2) ascertain defendant's participation in the offense; (3) ascertain the truth of the plea; and (4) inform defendant of the consequences of his plea.

A careful review of the record fails to provide support for defendant's allegations. The trial judge, before accepting defendant's plea, properly complied with GCR 1963, 785.3 and MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058). We find no reversible error.

Defendant also contends that the following statement by the trial court constituted a promise of leniency to defendant in exchange for a plea of guilty:

"If you were found guilty at that trial or if you plead guilty today, I would refer your case to the probation officer for investigation and recommendation as to sentence. He would talk to you and your family to find out about this alleged offense, then he would report back, and then we would have you back for sentence."

We are unable to agree with this contention. The trial court was merely informing the defendant of the procedure which the court follows after a defendant has been convicted of a criminal offense. As the above-quoted statement clearly shows, the trial court expressly informed the defendant that his case would be referred to a probation officer for

investigation and recommendation as to sentence whether the defendant was found guilty at trial or upon a plea of guilty. The defendant was made aware that the sentencing court would have the benefit of a probation officer's investigation and recommendation as to sentence, even if defendant pleaded not guilty and was later convicted at trial. The trial court's statement could not have reasonably induced the defendant to plead guilty.

Finally, the defendant contends that the trial court abused its discretion in sentencing him to a term of 14 to 15 years in prison. The sentence is within the maximum fixed by law. Before sentencing defendant, the trial court stated:

"We have a very thick report on you, as you can see, and, while I recognize that there are psychologists who say that you have a very severe personality disorder, the factual investigation of this entire offense, the picture of the woman you assaulted, convinces me that, although the psychologist didn't think that you had the psychological pattern to do this sort of thing, I think you have. Your record is terrible; sixteen break-ins, plus many other crimes and fights."

We find no abuse of discretion by the trial court's sentence in the instant case.

Judgment affirmed.